UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| EDDIE L. WILLIAMS,<br><br>                    Plaintiff,<br><br>          v.<br><br>HENRY RICHARDS,<br><br>                    Defendant. | Case No.  C05-5169RBL<br><br>REPORT AND RECOMMENDATION<br><br>**NOTED FOR:**<br>**MAY 6th, 2005** |

This 42 U.S.C. § 1983 Civil Rights action has been referred to the undersigned Magistrate Judge pursuant to Title 28 U.S.C. §§ 636(b)(1)(A) and 636(b)(1)(B) and Local Magistrates' Rules MJR 1, MJR 3, and MJR 4.  After reviewing the complaint in this action the undersigned recommends that the action be **DISMISSED WITHOUT PREJUDICE** prior to service and all pending motions be **DENIED**.

This action is one in a series of legal actions regarding the Special Commitment Center (SCC).  Plaintiff challenges nearly every aspect of his confinement conditions from visits and phone use to computer access.  The complaint implicates the treatment environment at the SCC.  The complaint is a 31 page form complaint.  The court notes this is one of a series of form complaints and similar complaints have been filed in other cases.  See, Carver v. Richards, C05-

REPORT AND RECOMMENDATION
Page - 1

1  5037RJB.

2       The plaintiffs in these actions are all persons confined at the SCC for mental health
3  treatment or persons awaiting commitment proceedings. The SCC is designed to treat persons
4  whose mental abnormalities or personality disorders make them likely to engage in predatory acts
5  of sexual violence.

6       For over a decade the SCC has operated under federal oversight as a result of injunctions
7  issued by the Western District Federal Court in Seattle. The court found the conditions of
8  confinement in 1991 to be unconstitutional and found the mental health treatment offered at that
9  time to be inadequate. Turay v. Seling, C91-0664RSM. Federal oversight continues in a limited
10 capacity to this day. There have been high and low points during the years of oversight including
11 findings of contempt, and findings that portions of the injunction had been fulfilled. On June 19th,
12 2004 the court found the defendants in substantial compliance and lifted the injunctions with one
13 exception. Turay v. Seling, C91-0664RSM (Dkt # 1906).

14      Despite indicating portions of the injunction were dissolved the court indicated that
15 judicial oversight continues to insure there is no "backsliding". Turay v. Seling, C91-0664RSM
16 (Dkt # 1906).

17      Many, if not all, of the issues plaintiff is attempting to raise in this litigation were raised or
18 could have been raised in the compliance proceedings in Turay. Indeed, the new facility which is
19 the focus of this litigation was constructed because of findings made in the Turay case.

20      The new facility was constructed to comply with the courts findings and orders and was
21 constructed at a time when the operation of the SCC was under judicial oversight. For this court
22 to consider a case which calls into question the operating procedures while another court is
23 monitoring the operating conditions will undoubtedly result in a duplication of effort and a waste
24 of judicial resources. It is ill advised for this court to consider matters that are under the control
25 of another judge.

26      *In forma pauperis* complaints may be dismissed before service under 29 U.S.C. § 1915
27 (d). Neitzke v. Williams, 490 U.S. 319, 324 (1989). Leave to amend is not necessary where it is

28

REPORT AND RECOMMENDATION
Page - 2

1 clear that the deficiencies in the complaint cannot be cured by amendment.

2 Here, the deficiency is the attempt to bring an action while judicial oversight of the facility
3 is before another judge. This action should be **DISMISSED WITHOUT PREJUDICE.** A
4 proposed order accompanies this report and recommendation.

5 Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal rules of Civil Procedure,
6 the parties shall have ten (10) days from service of this Report to file written objections. *See also*
7 Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes
8 of appeal. Thomas v Arn, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule
9 72(b), the clerk is directed to set the matter for consideration on **May 6th, 2005**, as noted in the
10 caption.

12 DATED this 5th day of April, 2005.

14 /S/ *Karen L. Strombom*
Karen L. Strombom
United States Magistrate Judge